NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

| | | |
|---|---|---|
| BRANDON JOHNSON, | : | CIV. ACTION NO. 22-4624 (RMB/MJS) |
| | : | |
| Plaintiff | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| CAMDEN COUNTY WARDEN, et al., | : | |
| | : | |
| Defendants | : | |

_____

RENÉE MARIE BUMB, Chief District Judge

Plaintiff Brandon Johnson ("Johnson") is a pretrial detainee confined at Camden County Correctional Facility ("CCCF") in Camden, New Jersey. He filed a *pro se* civil rights complaint and submitted an application to proceed without prepayment of the filing fee ("IFP application") pursuant to 28 U.S.C. § 1915(a). Forty additional prisoners (collectively referred to as "plaintiffs") have also signed the complaint, but these additional plaintiffs have not submitted their own IFP applications. Nor have plaintiffs submitted the $402.00 filing fee.

The Court begins with Johnson's IFP application. The Prison Litigation Reform Act of 1995 (the "PLRA"), which amended 28 U.S.C. § 1915, requires a prisoner seeking IFP status to include an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1).

1

The PLRA also requires the prisoner to submit a copy of the inmate trust found account statement for the six-month period immediately preceding the complaint's filing, certified by a prison official. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during the six-month period. *Id.*

Here, Johnson's IFP application is deficient because it covers the period from April 11, 2022 through June 2, 2022, and does not cover the full six-month period immediately preceding the filing of the Complaint, as required by 28 U.S.C. § 1915(a)(2). Moreover, the printed name of the prison official who purportedly signed the account certification is illegible, and the handwritten date on the account certification matches Plaintiff's handwriting. (*See* ECF No. 1-1, IFP application at 3.) For these reasons, the Court denies without prejudice the IFP application as to Johnson and provides him with 30 days to resubmit a complete IFP application, including a six-month account statement that is legibly certified by the appropriate prison official.

Forty additional prisoners also seek to join Johnson as plaintiffs in this action.[1] Where more than one prisoner seeks to join in a complaint against a

---

[1] Federal Rule of Civil Procedure 20 governs the permissible joinder of plaintiffs. Rule 20 states in relevant part:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

2

government official or entity, and they do not prepay the $402.00 filing fee, <u>each plaintiff</u> must submit a complete application to proceed *in forma pauperis* if he desires the complaint to be filed on his behalf.  *See Hagan v. Rogers*, 570 F.3d 146, 154-155 (3d Cir. 2009).  If the Court permits more than one prisoner to join as a plaintiff under Fed. R. Civ. P. 20, the Court is required to collect the $350.00 filing fee from each plaintiff by directing the agency having custody of each prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his own individual complaint.  *See id.* at 155–56.

Here, the Court also denies without prejudice *in forma pauperis* status to the remaining forty plaintiffs who signed the Complaint.  In order to join this action, each prisoner-plaintiff must submit a completed signed IFP application, including a certified six-month account statement, within 30 days.  Alternatively, plaintiffs may collectively submit a single $402.00 filing fee.

---

transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  Joinder under Rule 20 is discretionary and when the Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009). The Court need not decide the joinder issues at this juncture, however, because plaintiffs have not submitted individual IFP applications or paid the filing fee.

In addition, the Court notes that even if plaintiffs address the IFP deficiencies, and the full filing fee or any part of it has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions); 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e(c) (dismissal of claims regarding prison conditions); *see also Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously"). As explained below, the current complaint would likely be dismissed at screening for failure to state a claim for relief.

The complaint alleges that in January 2022, eighty percent of the inmates at CCCF contracted the Omicron variant of COVID-19. (ECF No. 1, Complaint at 5.) The complaint further alleges that the inmates at CCCF who contracted COVID-19 were not provided medical care or were only provided vitamins C and D. (ECF No. 1, Complaint at 5-6.) The complaint also alleges that a lack of cleaning supplies, a lack of hot water, and staff shortages contributed to the spread of COVID-19 at CCCF. (*Id.* at 6.) Plaintiffs have sued the State of New Jersey, "medical staff" at CCCF, and the Warden at CCCF for civil rights violations pursuant to 42 U.S.C § 1983.

The § 1983 claims against the State of New Jersey would fail to state a claim for relief because states are not "persons" under 42 U.S.C. § 1983. *See Will v.*

4

*Michigan Department of State Police*, 491 U.S. 58, 65 (1989) (holding that "a State is not a person within the meaning of § 1983"). Moreover, a state is not a "person" that may be sued under § 1983 regardless of whether the state has waived immunity. *See Garcia v. Richard Stockton Coll. of New Jersey*, 210 F. Supp. 2d 545, 549 (D.N.J. 2002) (citing *Will*, 491 U.S. at 70–71).

The § 1983 claims against the Warden at CCCF would also fail because these claims are based solely on his vicarious liability. "Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Here, the complaint alleges that inmates at CCCF who contracted COVID-19 were denied medical care and also alleges that the conditions at CCCF exacerbated the spread of COVID-19, but the complaint fails to provide sufficient facts showing that the Warden was personally involved in any of these alleged wrongs.

Plaintiffs might be able to amend their § 1983 claims against the Warden if they can establish the elements of supervisory liability:

> There are two theories of supervisory liability, one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir.2004) (second alteration in original).

5

*Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010).

The inadequate medical care claims against the "medical staff" at CCCF are also problematic. The Constitution requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). As pretrial detainees, plaintiffs' right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003). In order to state a claim for relief, each plaintiff must show a "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *See Natale*, 318 F.3d at 582 (citation omitted).

Here, the complaint alleges that eighty percent of inmates at CCCF contracted COVID-19 in January 2022, and that medical staff denied those inmates adequate medical care for COVID-19. None of the plaintiffs have provided facts showing that they contracted COVID-19 during this timeframe or that they suffered serious complications from COVID-19 and were denied necessary medical care. As such, the inadequate medical care claims would appear to fail.

Any potential § 1983 claims against Camden County or the medical provider at CCCF would also fail because local governments and the entities that provide its health care services "cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability." *See Natale*, 318 F.3d at 583-84 (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Thus, to state a claim for relief against Camden County or the entity providing medical care to

inmates, a plaintiff must provide facts showing that there is a relevant policy or custom and that the policy or custom caused the constitutional violation he alleges. *See id.* (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)).

For these reasons, if plaintiffs wish to proceed in this action, they should also submit an amended complaint within 30 days because the current complaint is likely to be dismissed at screening, even assuming the IFP deficiencies are addressed.

An appropriate order will be entered.

DATED: **February 24 , 2023**

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **Chief United States District Judge**